**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stanley COOKE, Defendant–Appellant.**

**No. 86–3010.**

United States Court of Appeals, Seventh Circuit.

Argued April 13, 1987.

Decided Nov. 16, 1987.

Adam Bourgeois, Jones, Ware, & Grenard, Chicago, Ill., for defendant-appellant.

Jeffrey E. Stone, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before BAUER, Chief Circuit Judge, POSNER, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

The defendant, Stanley Cooke, an attorney, was convicted of four counts of mail fraud and one count of wire fraud in viola-

---

tion of 18 U.S.C. §§ 1341 and 1343.[1] The scheme alleged in each count of the indictment was directed at obtaining money from defendant's clients by means of false pretenses, representations, and promises (as well as defrauding the clients of loyal and faithful services) and at defrauding an official body of intangible rights. The problem presented is the *proper treatment of the* case in the light of *McNally v. United States*, —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), decided after oral argument of this appeal. It is now clear that a scheme solely directed at defrauding an official body of the type of intangible rights involved in this case would not fulfill the scheme element of mail or wire fraud. *McNally; U.S. v. Gimbel*, 830 F.2d 621, 626 (7th Cir.1987); *U.S. v. Wellman*, 830 F.2d 1453, 1462 (7th Cir.1987). Here, however, the scheme had other objectives. We affirm the conviction on the counts where the mailings clearly furthered the scheme to obtain the clients' money, but reverse on the other counts.

It appears that Cooke's clients complained to the Illinois Attorney Registration and Disciplinary Commission (ARDC), an agency under the Supreme Court of Illinois. The indictment alleged that one objective of his scheme was to defraud ARDC of its right to conduct inquiries into attorney conduct free from fraud and deceit. The Government produced evidence tending to show that Cooke made various misrepresentations to ARDC in order to avoid disciplinary action.

Cooke's counsel acknowledged general pre-*McNally* doctrine that a scheme to defraud of intangible rights could fulfill the scheme element of a mail or wire fraud offense under 18 U.S.C. §§ 1341 and 1343. He argued in the district court and here that a fiduciary relationship was, however, essential under that doctrine and that an attorney under investigation is not in a fiduciary relationship with ARDC. *Cf.*

*United States v. Freedman*, 568 F.Supp. 450 (N.D.Ill.1983) on which, in part, he relied. Understandably, he did not foresee that *McNally* would provide a broader base for his challenge. And because of *McNally*, we need not be concerned with the validity of counsel's argument under the law prevailing in this circuit before *McNally*.

Although the indictment in this case alleged that one objective of Cooke's scheme was to defraud ARDC of intangible rights, and *McNally* establishes that if that were the only objective, a mail fraud prosecution could not lie, this indictment alleged that the scheme also had the objective of obtaining money under false pretenses. It also happens, in the sequence of events, that the scheme to mislead ARDC is easily separable from, though certainly related to, the client fraud. Looking at the validity of the indictment, the scheme to obtain clients' money by fraud was a proper element of mail and wire fraud. We view the allegations of other objectives as surplusage. *See United States v. Miller*, 471 U.S. 130, 136–37, 105 S.Ct. 1811, 1815–16, 85 L.Ed.2d 99 (1985).

The mailings which were the subject of Counts 2, 3 and 4 (original numbering) clearly furthered the scheme to obtain clients' money. Count 2 charged mailing a letter to a bank November 11, 1981. Cooke was representing the executor of the estate of Fred Glover. In this letter, Cooke requested the bank to close Glover's accounts and return cashier's checks payable to Glover's brother and sister. Cooke forged endorsements on the checks and converted the proceeds.

Count 3 charged mailing a letter to Mrs. Washington on April 13, 1983. She had retained Cooke to handle her separation from her husband. In this letter, Cooke instructed her to give him a check for

---

1. The original indictment alleged five counts of mail fraud (Counts 1, 2, 3, 4 and 6) and one count of wire fraud (Count 5). The Government explains in its brief that due to the illness of a witness, Count 1 was dismissed and the remaining counts renumbered. Although we find no formal dismissal, the trial transcript shows that only five counts were tried. The judgment, however, includes six counts. The district court should correct the judgment on remand.

$2,000 payable to Mr. Washington to settle their finances. Cooke forged an endorsement and converted the proceeds.

Count 4 charged causing the mailing of a letter to Cooke December 28, 1983. Cooke had been employed to probate the will of Mary Terry. She had left two bank accounts to her nephew, Carlis Sutton. Cooke instructed Sutton to write Cooke a letter directing him to close the accounts. Sutton mailed the letter alleged in Count 4. Cooke obtained checks payable to Sutton, forged the endorsements and converted the proceeds.

The telephone call which was the subject of Count 5 and the mailing which was the subject of Count 6 occurred after the victims complained to ARDC about their losses and clearly did not further the scheme to obtain clients' money, nor lull the clients concerning their situation.

Count 5 charged an interstate telephone call November 3, 1984. In this call, Cooke asked Sutton to help him out of his trouble with ARDC by writing a letter to ARDC falsely stating that Sutton had received his money in September, 1984.

Count 6 charged the mailing of a letter to Sutton November 3, 1984. In the telephone call, Sutton had refused to write the requested letter, but suggested he might help if promptly paid. In response, Cooke sent a note to Sutton thanking him for his help and with it a backdated letter from Cooke to Sutton purporting, falsely, to enclose a check for the amount due Sutton.

Had *McNally* been decided before the trial of this matter, the district judge may well have submitted only Counts 2, 3 and 4 to the jury and limited any instruction on the scheme to defraud element to the scheme to obtain money from clients. Evidence of Cooke's attempts to mislead the ARDC would have been admitted only to the extent found relevant to proving the scheme to defraud the clients. The Supreme Court has decided that "the Fifth Amendment's grand jury guarantee is [not] violated when a defendant is tried under an indictment that alleges a certain fraudulent scheme but is convicted based on trial proof that supports only a significantly narrower and more limited, though included, fraudulent scheme." *United States v. Miller*, 471 U.S. 130, 131, 145, 105 S.Ct. 1811, 1813, 1820, 85 L.Ed.2d 99 (1985).

Here, of course, the case was not tried on the narrower ground, but tried and submitted as if a scheme to mislead the ARDC was a sufficient scheme under the mail and wire fraud statutes. We have carefully considered whether that fact could have a prejudicial effect on the jury's verdict on Counts 2, 3 and 4. In the light of the record we are convinced that it did not.

Cooke was sentenced to concurrent terms of imprisonment (one year and one day) on all but the last count. On Count 6, he was placed on probation for five years, with the conditions that he use his best efforts to make restitution and that he obtain continued psychological counselling. Because the district judge may well have ordered probation on one of Counts 2, 3 or 4 if he had realized the convictions on 5 and 6 were invalid, we shall vacate the sentence on Count 4 and remand for resentencing on that count.

The judgment and sentence on Counts 2 and 3 (as originally numbered) are AFFIRMED. The conviction on Count 4 is AFFIRMED, but the sentence is VACATED. The judgment and sentence on Counts 5 and 6 are REVERSED. The cause is REMANDED with instructions to resentence on Count 4, dismiss Counts 5 and 6, and correct the record with respect to Count 1.